COURTESY COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NORTH FACE APPAREL CORP. | : CIV. ACT. NO. 11-CV-5080 (SAS) |
| Plaintiff | : [PROPOSED] DEFAULT |
| v. | : JUDGMENT AND PERMANENT |
| | : INJUNCTION ORDER AS TO |
| FONTANA & FONTANA, INC. a/k/a | : DEFENDANTS COLOR-TOUCH |
| FONTANA, LTD. ; 34th STREET, INC.; | : INC. AND NATAN KORLIKER |
| ROBERT FONTANA; JAREL | : |
| ENTERPRISES, INC.; JPC APPAREL | : |
| INC.; JULES CAPON; COLOR-TOUCH | : |
| INC.; NATAN KORLIKER; MIAMI | : |
| TEES INC. A/K/A TEE'S TO PLEES; | : |
| MICHAEL CHAVEZ; JOHN DOES 1-10 | : |
| and XYZ COMPANIES 1-10, | : |
| Defendants. | : |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 66
DATE FILED: 2/27/12

# 12,033 /

This action having been commenced by Plaintiff The North Face Apparel Corp. ("Plaintiff" or "The North Face") against Fontana & Fontana, Inc. a/k/a Fontana, Ltd.; 34th Street, Inc.; Robert Fontana; Jarel Enterprises, Inc.; John Does and XYZ Companies for a Temporary Restraining Order, Seizure Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction (collectively, the "Temporary Restraining Order") pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), for the reason that defendants are manufacturing, importing, exporting, distributing, offering for sale and/or selling, among other things, products that bear counterfeits and/or imitations of Plaintiff's THE NORTH FACE trademarks, as described in the First Amended Complaint and incorporated herein by reference

(collectively "THE NORTH FACE Marks"), which trademarks are owned and controlled by The North Face and used in connection with products listed in The North Face's First Amended Complaint and incorporated herein by reference (collectively, "The North Face Products"), and the Court, having reviewed the Complaint, Memorandum of Law in support of the Temporary Restraining Order, and supporting declarations and exhibits, issued such a Temporary Restraining Order on July 25, 2011; and

Plaintiff having identified Color Touch, Inc. and Natan Korliker (collectively "Defaulting Defendants") as John Doe and XYZ Company Defendants and having properly served Defaulting Defendants with a copy of the Temporary Restraining Order, Complaint, Summons and supporting papers on August 4, 2011; and

Plaintiff having filed an Amended Complaint and Amended Summons against Defaulting Defendants on August 25, 2011 and having served Defaulting Defendants with the Amended Complaint and Amended Summons on August 26, 2011; and

Plaintiff and Defaulting Defendants having consented to a Preliminary Injunction under the terms of the Temporary Restraining Order on August 30, 2011; and

None of the Defaulting Defendants having filed an Answer or otherwise responded to the Complaint or Amended Complaint; and

The Clerk of Court having entered a default against each Defaulting Defendant on February 6, 2012; and

The North Face having moved for final default judgment under Fed. R. Civ. P. 55(b) and The North Face having shown, *inter alia,* the following:

1. The North Face owns all right, title and interest in and to THE NORTH FACE Marks in connection with The North Face Products and THE NORTH FACE Marks are valid and protectable and entitled to protection; and

2. Defaulting Defendants are manufacturing, distributing, printing, offering for sale and/or selling counterfeit products, including, *inter alia*, t-shirts bearing counterfeits of Plaintiff's THE NORTH FACE Marks ("Counterfeit Products") to buyers in the United States, including in this Judicial District; and

3. To the best of The North Face's knowledge, Defendants are not infants, incompetent or in the military service of the United States; and

4. Defendants have failed to answer or otherwise respond to The North Face's Amended Complaint, and so the Court:

HEREBY FINDS that Defaulting Defendants are liable for federal trademark counterfeiting and infringement under 15 U.S.C. §§ 1114 and 1117 and this Default Judgment and Permanent Injunction Order ("Permanent Injunction") is entered against each Defaulting Defendant.

THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that, pursuant to 15 U.S.C. § 1117(c)(2), The North Face is awarded maximum statutory damages for willful trademark counterfeiting of two million dollars and no cents ($2,000,000.00) against Defaulting Defendants for their counterfeiting of Plaintiff's THE NORTH FACE Mark [logo], and is awarded maximum statutory damages for willful trademark counterfeiting of two million dollars ($2,000,000.00) and no cents against Defaulting Defendants for their counterfeiting of Plaintiff's

THE NORTH FACE Mark  , for a total award of statutory damages in the amount of four million dollars and no cents ($4,000,000.00) against Defaulting Defendants; and

IT IS FURTHER ORDERED that Defaulting Defendants, their officers, agents servants and employees and any persons in active concert or participation with them are permanently enjoined and restrained from:

- a) using Plaintiff's THE NORTH FACE Marks or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's THE NORTH FACE Marks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise not the genuine products of Plaintiff, including but not limited to the Counterfeit Products, or in any manner likely to cause others to believe that the Counterfeit Products are connected with Plaintiff or Plaintiff's genuine merchandise bearing Plaintiff's THE NORTH FACE Marks; and

- b) passing off, inducing or enabling others to sell or pass off any apparel or other items not produced by Plaintiff, not Plaintiff's, or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's THE NORTH FACE Marks, including but not limited to the Counterfeit Products; and

- c) committing any other acts calculated to cause purchasers to believe that the Counterfeit Products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff; and

- d) further infringing Plaintiff's THE NORTH FACE Marks and damaging Plaintiff's goodwill; and

- e) otherwise competing unfairly with Plaintiff in any manner; and

- f) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner apparel or other items not produced by Plaintiff, not Plaintiff's, or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's THE NORTH FACE Marks, including but not limited to the Counterfeit Products; and

IT IS FURTHER ORDERED that Defaulting Defendants are required to turn over and deliver to Plaintiff's ownership any and all products bearing any reproduction, counterfeit, copy

or colorable imitation of any of Plaintiff's THE NORTH FACE Marks, including, but not limited to, the Counterfeit Products seized from Defaulting Defendants' location during the execution of the Temporary Restraining Order; and

IT IS FURTHER ORDERED that Defaulting Defendants are required to turn over and deliver to Plaintiff's ownership all guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, software, screens, dyes, templates, models, machinery, advertising matter, promotional, and other materials or documents in the possession of Defaulting Defendants, or under their control, relating to or bearing any of Plaintiff's THE NORTH FACE Marks, or any reproduction, counterfeit, copy or colorable imitation thereof; and

IT IS FINALLY ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

This is a FINAL JUDGMENT.

SIGNED this 22 day of Feb 2012.

THE HONORABLE SHIRA A SCHEINDLIN

**ECF DOCUMENT**

hereby attest and certify that this is a printed copy of a document that was electronically filed with the United States District Court for the Southern District of New York

ate Filed: 2/27/12

RUBY J. KRAJICK, CLERK

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON 2/27/12